IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16–cr-40032-SMY |
| | ) |
| | ) |
| LAFAYETTE D. WOODS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Now pending before the Court is Defendant Lafayette D. Woods's *pro se* Motion to Reduce Sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 53) and the Federal Public Defender's (FPD) Motion to Withdraw (Doc. 60). For the following reasons, the Defendant's motion is **DENIED** and the FPD's motion is **GRANTED**. The FPD's motion for leave to file an untimely supplement (Doc. 59) is also **GRANTED** and is considered in the decision below.

## Discussion

Congress passed the Fair Sentencing Act of 2010 which reduced the crack-to-powder penalty disparity from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 263–64 (2012). In 2018, Congress made the reduction retroactive when it enacted the First Step Act of 2018, permitting courts to reduce the sentences of defendants convicted of a "covered offense" before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court's authority to reduce a sentence under the First Step Act applies only to federal offenses committed before August 3, 2010 (the effective date of the Fair Sentencing Act) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a).

On March 7, 2017, Defendant Woods pled guilty to five counts of distribution of crack cocaine and one count of distribution of methamphetamine (Doc. 16). On July 27, 2017, the undersigned sentenced him to 18 months imprisonment on each count to be served concurrently and three years of supervised release on each count, also to be served concurrently (Doc. 28).

Woods completed serving his imprisonment sentence on November 30, 2018 and was released to begin his term of supervised release (Doc. 34). His supervised release was revoked on March 2, 2020, and he was sentenced to 24 months incarceration and an additional 36-month term of supervised release (Doc. 46). Woods began serving his 24-month term of supervised release on October 12, 2021 (Doc. 62).

As Woods's initial sentence was imposed in July 2017, years after the 2010 sentencing amendment, he is ineligible for a sentence reduction under the First Step Act. Accordingly, his motion to reduce sentence (Doc. 53) is **DENIED**; the FPD's motion to withdraw (Doc. 60) and motion to file an untimely supplement (Doc. 59) are **GRANTED**.

**IT IS SO ORDERED.**

**DATED: June 27, 2022**

**STACI M. YANDLE**
**United States District Judge**